**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Comacho,<br><br>                Plaintiff,<br><br>v.<br><br>National Mentor Health Care, LLC, et al.,<br><br>                Defendants. | No. CV 16-1407-PHX-DGC<br><br>**ORDER** |

      Plaintiff's counsel has filed a motion to withdraw, explaining that Plaintiff has failed to communicate with them since before this case was filed. Doc. 10. In response, the Court issued an order setting a hearing on the motion and specifically ordering Plaintiff to be present at the hearing. Doc. 11. Plaintiff failed to appear despite diligent efforts by her counsel to inform her of the hearing. These efforts, as described by counsel at the hearing, included email, written mail, and telephone calls, all to no avail.

      Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) appears to require a motion. In appropriate cases, a court may dismiss a complaint for failure to prosecute even without notice or a hearing. *Id.* at 633.

In determining whether dismissal is warranted, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). Here, the first, second, and third factors favor dismissal. Plaintiff's attorneys advised the Court that she has failed to communicate with them for the last eight or nine months, despite repeated efforts by counsel to reach her. Her last communication occurred months before the complaint was filed – counsel filed this action to preserve her claim from the statute of limitations. Plaintiff has steadfastly failed to communicate with counsel even after the complaint was filed, despite their repeated attempts to reach her. As a result, the time for serving the complaint has passed and no other activity has occurred.

The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's willingness to communicate with her attorneys, however, little can be done to move this case forward. The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication on the merits "[u]nless the court in its order for dismissal otherwise specifies." As a somewhat less drastic result, this action will be dismissed without prejudice.

**IT IS ORDERED** that this action is **dismissed without prejudice** for failure to prosecute. The Clerk shall terminate this action.

Dated this 7th day of September, 2016.

_____
David G. Campbell
United States District Judge